IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES T. CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1553-RGA |
| | ) | |
| | ) | |
| ROBERT MAY, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3)

In 2005, a Delaware Superior Court jury convicted Petitioner of six counts of first degree unlawful sexual intercourse, four counts of second degree unlawful sexual intercourse, and two counts of continuous sexual abuse of a child. (D.I. 3-1 at 7); *see Clark v. State*, 900 A.2d 100 (Table), 2006 WL 1186738, at *1 (Del. 2006). The two victims were the seven and nine year old sons of Petitioner's girlfriend at the time. *See Clark*, 2006 WL 1186738 at *1. On May 23, 2005, the Superior Court sentenced Petitioner to 102 years of incarceration. The Delaware Supreme Court affirmed Petitioner's convictions May 2, 2006. *See Clark*, 2006 WL 1186738, at *2.

In 2022, Petitioner filed in the Delaware Superior Court a *pro se* motion for correction of sentence pursuant to Delaware Superior Court Criminal Rule 35(a). (D.I. 3 at 4; D.I. 3-1 at 10) The Rule 35(a) motion alleged that the "Superior Court failed to give all but one charge an

effective date as to when [Petitioner's] sentences were to begin." (D.I. 3 at 4) The Superior Court denied the Rule 35(a) motion on November 16, 2022, and Petitioner does not indicate if he appealed that decision. (D.I. 3; D.I. 3-1 at 10)

On November 30, 2022, Petitioner filed the instant Petition and a Motion for Leave to Proceed *In Forma Pauperis*. (D.I. 1; D.I. 3) The Petition asserts four grounds for relief: (1) trial counsel provided ineffective assistance during Petitioner's 2005 criminal proceeding; (2) the Superior Court did not provide effective dates for the sentences imposed for eleven of his twelve 2005 convictions; (3) in 2022, the Superior Court violated Delaware state law by denying Petitioner's Rule 35(a) motion; and (4) the Superior Court judge who denied Petitioner's rule 35(a) motion in 2022 acted with a closed mind. (D.I. 3)

## I. GOVERNING LEGAL PRINCIPLES

The instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States,[1] and may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Notably, claims based on errors of state law are not cognizable on habeas review. *See Estelle*, 502 U.S. at 67-68; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (noting that "[s]tate courts are the ultimate expositors of state law.").

---

[1]*See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

2

## II. DISCUSSION

### A. Claims Three and Four: State Law Issues

Claims Three and Four challenge the Superior Court's denial of Petitioner's Rule 35 motion for modification of sentence and, therefore, involve matters of state law. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"); *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (holding that the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.") (emphasis in original). Accordingly, the Court will summarily dismiss Claims Three and Four for failing to assert issues cognizable on federal habeas review.

### B. Claims One and Two: Time-Barred

In contrast, Claims One and Two assert issues cognizable on federal habeas review. Nevertheless, as explained below, the Court's preliminary review indicates that Claims One and Two are time-barred under AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

AEDPA imposes a one-year filing deadline that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially

3

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The Court does not discern any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Consequently, the one-year period of limitations for Claims One and Two began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012). In this case, the Delaware Supreme Court affirmed Petitioner's convictions on May 2, 2006, and it appears that he did not seek review by the United States Supreme Court. As a result, his judgment of conviction became final on August 1, 2006. Applying the one-year limitations period to that date, Petitioner had until August 1, 2007 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner filed the instant Petition on November 30, 2022, approximately fifteen years after that deadline. Thus, the Court's preliminary screening of the Petition indicates that the remaining cognizable habeas claims – Claims One and Two – are untimely.

AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland*, 560 U.S. at 645 (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021). Nevertheless, for the reasons set forth below, none of these doctrines appear to render Claims One and Two timely filed.

### 1. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Sup. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424.

Petitioner filed his Rule 35 motion for correction of sentence in 2022, at least sixteen years after the expiration of AEDPA's statute of limitations. Therefore, statutory tolling is inapplicable.

### 2. Equitable tolling and actual innocence

Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

5

circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace v. Mahanoy*, 2 F.4th 133, 150-51 (3d Cir. 2021). A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Id.* at 151.

Petitioner does not assert his actual innocence, but asks the Court to excuse his late filing because he is "doing [his] own legal work pro se and learning as [he] go[es]." (D.I. 3 at 14) A

6

prisoner's *pro se* status does not constitute an extraordinary circumstance for equitable tolling purposes. *See Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (holding that a *pro se* petitioner's misunderstanding of the law is insufficient to equitably toll habeas limitations period). Nevertheless, since the Court *sua sponte* raises the issue of timeliness, Petitioner shall have another opportunity to address the issues of equitable tolling and actual innocence and show cause why his Petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district courts are authorized to consider *sua sponte* the timeliness of a state prisoner's habeas petition, but must accord the parties fair notice and an opportunity to present their positions); *United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005).

### III. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss Claims Three and Four for failing to assert issues cognizable on federal habeas review. Petitioner, however, shall be given an opportunity to show cause why Claims One and Two should not dismissed as time-barred under 28 U.S.C. § 2244(d)(1). In his response to this Memorandum and Order, Petitioner shall state with specificity any facts establishing a credible claim of actual innocence or facts that may entitle him to equitable tolling of the statute of limitations for Claims One and Two. Additionally, the Court will grant Petitioner's Motion to Proceed *In Forma Pauperis*. The Court will issue an Order consistent with this Memorandum.

Dated: April 14, 2023

UNITED STATES DISTRICT JUDGE