IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMES T. CLARK, :
: 
        Petitioner, :
:
v. : Civil Action No. 22-1553-RGA
:
ROBERT MAY, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
        Respondents. :

---

## **MEMORANDUM OPINION**

James T. Clark. *Pro se* Petitioner.

November 3, 2023
Wilmington, Delaware

*[signature]*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner James T. Clark is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) On April 14, 2023, the Court entered a Memorandum and Order dismissing Claims Three and Four. For the following reasons, the Court now concludes that Claims One and Two are time-barred and, therefore, will summarily dismiss the entire Petition without issuing a certificate of appealability.

I.   **BACKGROUND**

In 2005, a Delaware Superior Court jury convicted Petitioner of six counts of first degree unlawful sexual intercourse, four counts of second degree unlawful sexual intercourse, and two counts of continuous sexual abuse of a child. (D.I. 3-1 at 7); *see Clark v. State*, 900 A.2d 100 (Table), 2006 WL 1186738, at *1 (Del. 2006). The two victims were the seven and nine year old sons of Petitioner's girlfriend at the time. *See Clark*, 2006 WL 1186738 at *1. On May 23, 2005, the Superior Court sentenced Petitioner to 102 years of incarceration. The Delaware Supreme Court affirmed Petitioner's convictions May 2, 2006. *See id.* at *2.

In 2022, Petitioner filed in the Delaware Superior Court a *pro se* motion for correction of sentence pursuant to Delaware Superior Court Criminal Rule 35(a). (D.I. 3 at 4; D.I. 3-1 at 10) The Rule 35(a) motion alleged, "Superior Court failed to give all but one charge an effective date as to when [Petitioner's] sentences were to begin." (D.I. 3 at 4) The Superior Court denied the Rule 35(a) motion on November 16, 2022, and Petitioner has not indicated that he appealed that decision. (D.I. 3; D.I. 3-1 at 10)

On November 30, 2022, Petitioner filed the instant Petition, which asserts the following four grounds for relief: (1) trial counsel provided ineffective assistance during Petitioner's 2005 criminal proceeding; (2) the Superior Court did not provide effective dates for the sentences

imposed for eleven of his twelve 2005 convictions; (3) in 2022, the Superior Court violated Delaware state law by denying Petitioner's Rule 35(a) motion; and (4) the Superior Court judge who denied Petitioner's Rule 35(a) motion in 2022 acted with a closed mind. (D.I. 3) On April 14, 2023, the Court entered a Memorandum and Order that dismissed Claims Three and Four for failing to assert issues cognizable on federal habeas review, and directed Petitioner to show cause why Claims One and Two should not be dismissed as time-barred. (D.I. 5; D.I. 6) Petitioner filed a Response. (D.I. 7)

## II.   LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to this Rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.   DISCUSSION

As the Court previously explained in its earlier Memorandum and Order, the instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, and is subject to AEDPA's one-year period of limitation. (D.I. 5 at 3-4) AEDPA's limitations period may be statutorily and equitably tolled, and a petitioner may also avoid being time-barred by establishing a gateway claim of actual innocence. The Court has already determined that the one-year filing deadline expired on August 1, 2007 and that statutory tolling cannot save Claims One and Two from being time-barred. The Court provided Petitioner

an opportunity to present any reason why he believes the limitations period should be equitably tolled and to address whether he is actually innocent. (*Id.* at 5-7) Petitioner's Response does not address the issue of actual innocence or equitable tolling but, instead, asks the Court to apply § 2244(d)(1)(D) and find that the limitations period started to run on a later date. (D.I. 7) Petitioner appears to believe that the limitations period should start around the time he filed his Rule 35 motion in 2022, asserting that he "could not have identified [the sentencing error] sooner" because he "is not versed in the law" and lacks "any legal expertise," and the attorneys who represented him during his trial and on direct appeal failed to detect the sentencing error. (*Id.* at 1-2)

Given Petitioner's failure to present any new, reliable evidence of his innocence, Petitioner's untimely filing cannot be excused under the actual innocence exception to AEDPA's one-year filing requirement. And, as explained below, even though the Court liberally construes Petitioner's assertions concerning § 2244(d)(1)(D) as presenting arguments for both equitable tolling and a later starting date under § 2244(d)(1)(D), the Court concludes that Petitioner has failed to show cause why Claims One and Two should not be dismissed as time-barred.

### A. 28 U.S.C. § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the filing deadline for a habeas petition is one year from "the date on which the factual predicate of the claim . . . could have been discovered through . . . due diligence." 28 U.S.C. § 2244(d)(1)(D). The "trigger for § 2244(d)(1)(D) is discovery of a claim's factual predicate, not recognition of the facts' legal significance." *Tyler v. Sup't Houtzdale, S.C.I.*, 2017 WL 3662470, at *1 (3d Cir. May 2, 2017).

Here, Petitioner contends that he only noticed the discrepancy in the effective dates of his sentences when he and other inmates reviewed his "Sentencing Commitment Worksheet" in 2022. (D.I. 7 at 2) Petitioner blames his failure to detect the alleged sentencing discrepancy earlier than 2022 on his lack of legal knowledge and on the ineffective assistance of defense and appellate counsel. Petitioner, however, does not allege, and the Court cannot discern any reason to believe, that he was denied access to "Sentencing Commitment Worksheet" during the time-period from 2005 to 2022. Presumably, then, through diligence, Petitioner could have discovered the factual predicate for his instant sentencing argument during the sentencing hearing or soon thereafter. Given these circumstances, Petitioner has not shown the requisite "exercise of due diligence" required to trigger a later starting date for the limitations period under § 2244(d)(1)(D).

**B. Equitable Tolling**

Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649-50 (2010). With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. With respect to the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to

file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel*, 546 F.3d 269, 277 (3d Cir. 2008).

The instant Petition challenges Petitioner's 2005 convictions for unlawful sexual intercourse, second degree unlawful sexual intercourse, and continuous sexual abuse of a child. In his Response to the Court's Memorandum and Order to show cause, Petitioner appears to argue that equitable tolling is warranted because he lacks legal knowledge, and trial and appellate counsel did not present the underlying sentencing error to the Delaware state courts during sentencing or on direct appeal. (D.I. 7 at 3)

The Superior Court sentenced Petitioner on May 23, 2005, and the Delaware Supreme Court affirmed Petitioner's convictions on May 2, 2006. Even if the Court were to accept Petitioner's argument that defense and appellate counsel provided ineffective assistance during his sentencing and direct appeal, counsel's ineffective assistance in 2005 and 2006 does not explain why Petitioner waited until 2022 to raise Claims One and Two in the instant Petition. Although Petitioner may believe otherwise, his *pro se* status and lack of legal knowledge "does not insulate him from the reasonable diligence inquiry for equitable tolling purposes." *Ross*, 712 F.3d at 799-800. Given Petitioner's failure to provide any other reason for the approximate fifteen-year delay in filing Claims One and Two, the Court concludes that Petitioner is not

5

entitled to equitable tolling because he has not demonstrated that he pursued his rights with reasonable diligence.

Accordingly, the Court will summarily dismiss Claims One and Two as time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has already dismissed Claims Three and Four for being non-cognizable, and now concludes that Claims One and Two should be dismissed for being time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Court will summarily dismiss the Petition in its entirety. Additionally, the Court declines to issue a certificate of appealability. An appropriate Order will be entered.